# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

STATES OF TENNESSEE,
ARKANSAS, ALABAMA,
FLORIDA, GEORGIA, IDAHO,
INDIANA, IOWA, KANSAS,
MISSOURI, NEBRASKA, NORTH
DAKOTA, OKLAHOMA, SOUTH
CAROLINA, SOUTH DAKOTA,
UTAH, and WEST VIRGINIA,

    *Plaintiffs*,

v.

EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,

    *Defendant*.

Civil Action No. 2:24-cv-84-DPM
U.S. District Judge D. P. Marshall
U.S. Magistrate Judge Edie R.
Ervin

**PLAINTIFF STATES' OPPOSED MOTION FOR INJUNCTION
PENDING APPEAL OR TEMPORARY ADMINISTRATIVE STAY
OF AGENCY ACTION
AND CONSOLIDATED SUPPORTING MEMORANDUM**

Plaintiff States appreciate this Court's expeditious consideration of their motion for preliminary relief. The States have since noticed an appeal from the *sua sponte* dismissal of their action for lack of standing. Given that the Final Rule takes effect today, June 18, 2024, the States intend to ask the Eighth Circuit to issue an injunction pending appeal prohibiting Defendant from implementing the challenged abortion provisions of the Final Rule and pausing

1

those provisions' application pending resolution of appellate proceedings. Before seeking that relief, however, movants "ordinarily" must "first" seek it "in the district court." Fed. R. App. P. 8(a).  Federal Rule of Civil Procedure 62(d) authorizes district courts to "grant an injunction" while "an appeal is pending from an interlocutory order … that … refuses … an injunction." Fed. R. Civ. P. 62(d).  For the reasons provided in their motion for a preliminary injunction, the States now move this Court to issue an injunction against the challenged portions of EEOC's Final Rule pending resolution of their appeal to the Eighth Circuit.

Plaintiff States recognize that this Court has already concluded that they lack standing and declined to issue an injunction on that basis.  But "by its own terms Rule 62(d) necessarily envisions situations in which a district court that has denied an injunction still grants an injunction pending appeal." *United States v. Facebook, Inc.*, No. CV 19-2184 (TJK), 2024 WL 291739, at \*1 (D.D.C. Jan. 12, 2024).  The same four-part injunction standard applies under both 62(d), *id.*, and Rule 8(a), with an appellant's likelihood of success weighing as the "most important factor." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011).  The States have established each factor, and their "higher probability of success on the merits" should tilt the scales.  *Id.*

*First*, the States have "made a strong showing that [they are] likely to succeed on the merits."  *Id.* at 792.  Courts considering that factor in the

context of a motion for an injunction pending appeal examine whether the movant presents "'serious' legal issues" which are "fair ground for litigation." *Stuart v. State Farm Fire & Cas. Co.*, No. 4:14-cv-4001, 2017 WL 5952872, at \*2 (W.D. Ark. Jan. 25, 2017) (quoting *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 545 (8th Cir. 1982); and then quoting *Sweeney v. Bond*, 519 F. Supp. 124, 133 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982)); *see also Perrin v. Papa Johns Int'l, Inc.*, No. 4:09-cv-01335 AGF, 2014 WL 306250, at \*2-3 (E.D. Mo. Jan. 28, 2014) (granting stay pending appeal where the question at issue was "difficult and close" and the court predicted that the Eighth Circuit "m[ight] disagree with [its] conclusions"). The States have carried that burden here—both as to standing and the merits.

Plaintiff States have standing to challenge the Final Rule because the Final Rule directly regulates them as employers and requires them to offer abortion accommodations they do not currently provide.[1] The U.S. District Court for the Western District of Louisiana recently granted Louisiana and Mississippi's request for preliminary relief against EEOC's Final Rule based on pleadings and arguments that mirror Plaintiff States' here. *See* Ex. A, *Louisiana v. EEOC*, No. 2:24-cv-00691-DCJ-TPL, at \*8-12 (W.D. La. June 17, 2024), ECF No. 53. The Supreme Court, for its part, reiterated in *West Virginia v. EPA* that a party that is the "object" of agency action has standing to

---

[1] *See, e.g.*, TN Decl. ¶¶ 7-8; AR Decl. ¶ 8, OK Decl. ¶ 7; ID Decl. ¶ 7.

challenge that action.  597 U.S. 697, 719 (2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561-62 (1992)).  There "can be 'little question'" that a rule imposing a "requirement" on states "injure[s]" them.  *Id.* (quoting *Lujan*, 504 U.S. at 561-62).  That is because parties "have a concrete interest … in avoiding regulatory obligations above and beyond those that can be statutorily imposed upon them."  *Iowa League of Cities v. EPA*, 711 F.3d 844, 871 (8th Cir. 2013); *accord Kentucky v. FHA*, --- F. Supp. 3d ----, 2024 WL 1402443, at *3 (W.D. Ky. Apr. 1, 2024) (citing *West Virginia*, 597 U.S. at 719) ("No additional proof [of standing] is necessary when a rule purports to impose legal obligations directly on a state plaintiff").

Though no proof of standing is required at the dismissal stage, Plaintiff States have offered it.  They have both pointed to EEOC's self-described compliance costs, *see* 89 Fed. Reg. 29,177, as well as provided declarations linking those costs with implementing new abortion-accommodation policies, *see, e.g.*, TN Decl. ¶ 9.  Even if "small," such costs suffice to show concrete, non-speculative injury that is directly traceable to the Final Rule's promulgation of new, binding abortion requirements.  *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 693 (8th Cir. 2017) (quoting *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017)).  Such costs must occur now—they do not turn on later enforcement.  And they would be redressed by an order vacating the Final Rule's abortion-accommodation provisions.  *See Iowa League*, 711 F.3d

at 870 (holding compliance cost injuries were traceable to agency rules and vacating those rules would redress the injuries).

As to their remaining standing arguments and their merits arguments, Plaintiff States incorporate the relevant sections of their preliminary injunctive briefing.  Doc. 18 at 13-32; Doc. 47 at 2-14.  But the Court has "tentative[ly] conclu[ded] … that the States have the better argument on the text" of the PWFA (Doc. 63 at 26) *and* acknowledged that the statutory argument presents a novel and "cloud[y]" question (*id.* at 26-27).  Both conclusions support finding that the States' "position is sufficiently reasonable to favor" an injunction.  *Stuart*, 2017 WL 5952872, at *3; *see also Sweeney*, 519 F. Supp. at 132-33.  This is especially true given that the EEOC has not sought *Chevron* deference.  *Compare* Doc. 63 at 26-27, *with* Doc. 34 at 32.

In sum:  Plaintiff States have shown that their challenge involves "serious" questions that are "fair ground for litigation" over standing and—at minimum—their statutory authority argument on the merits.  *Stuart*, 2017 WL 5952872, at *3; *see also Sweeney*, 519 F. Supp. at 132-33.  The *Louisiana* court's entry of a preliminary injunction for Louisiana and Mississippi (*see* Ex. A at 31-32) highlights that Plaintiff States here have at least presented significant claims for which they have standing and a likelihood of prevailing.

*Second*, and as the *Louisiana* court likewise concluded, *see id.* at 29-30, the States will suffer irreparable harm absent an injunction pending appeal,

including in the form of unrecoverable compliance costs and derogation of their sovereign interest in regulating abortion. Plaintiff States incorporate their earlier arguments supporting that injunctive factor. Doc. 18 at 32-34; Doc. 47 at 14.

*Third* and *fourth*, the EEOC and other interested parties would not suffer any substantial injuries if the Court granted an injunction pending appeal, and the public interest strongly supports doing so. EEOC has "no interest in enforcing" an unlawful provision of the Final Rule, "even in pursuit of" what some might deem "desirable ends." *Dakotans for Health v. Noem*, 52 F.4th 381, 392 (8th Cir. 2022); *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021) (per curiam). Further, this Court's conclusion (Doc. 63 at 28) that the Final Rule's coverage of abortion "seems unlikely to flower into few, if any, real-world disputes" supports the States' arguments that enjoining the Final Rule's abortion provisions will not harm the EEOC—let alone to a degree that could outweigh the States' strong likelihood of success on their statutory claims.

This Court (Doc. 63 at 3) previously characterized Plaintiff States as seeking a preliminary injunction against the "whole" Final Rule. But any relief need not sweep that broadly. *Louisiana* models the potentially narrow scope of any injunction this Court could grant to maintain the status quo pending appeal. *See* Ex. A at 31 & n.16 (limiting scope of injunction to the state

and individual plaintiffs and to the Final Rule's requirement that "covered entities provide accommodation for the elective abortions of employees that are not necessary to treat a medical condition related to pregnancy"). And of course, any stay of or injunction against enforcement of the Final Rule's abortion-related provisions would "in no way limit[]" the ability of employers to "choose to implement" abortion accommodation policies. *Id.* at 30.

In conclusion, Plaintiff States respectfully ask the Court to enjoin the EEOC from implementing or enforcing the Final Rule's abortion accommodation mandate while the States pursue their pending appeal. Given the Final Rule's June 18, 2024 effective date, and accounting for the Federal Holiday, the States intend to seek relief from the Eighth Circuit no later than Thursday, June 20, 2024. Under these circumstances, should this court be inclined to deny this motion, the States request resolution of the motion at the Court's earliest convenience before the expiration of Defendant's response time.

7

June 18, 2024                                    Respectfully submitted,

JONATHAN SKRMETTI                          TIM GRIFFIN
  Tennessee Attorney General              Arkansas Attorney General
  and Reporter


/s/ *Virginia N. Adamson*                       /s/ *Nicholas J. Bronni*
WHITNEY D. HERMANDORFER*                    NICHOLAS J. BRONNI (2016097)
  Director of Strategic Litigation        Solicitor General
REED N. SMITH*                              DYLAN L. JACOBS (2016167)
  Assistant Attorney General              Deputy Solicitor General
VIRGINIA N. ADAMSON*                        ASHER STEINBERG (2019058)
  Strategic Litigation Counsel &           Senior Assistant Solicitor General
  Assistant Solicitor General
JOSHUA D. MINCHIN*
  Honors Fellow, Office of the
  Solicitor General



OFFICE OF THE TENNESSEE                     OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL                        ATTORNEY GENERAL
P.O. Box 20207                              323 Center Street, Suite 200
Nashville, Tennessee 37202                  Little Rock, Arkansas 72201
Tel.: (615) 741-8726                        Tel.: (501) 682-6302
Whitney.Hermandorfer@ag.tn.gov   Nicholas.Bronni@arkansasag.gov

*Admitted *Pro Hac Vice* under Lo-   *Counsel for Plaintiff State of Arkansas*
cal Rule 83.5(d)

*Counsel for Plaintiff State of Ten-*
*nessee*

STEVE MARSHALL
  Attorney General

/s/ *Edmund G. LaCour, Jr.*
EDMUND G. LACOUR, JR.*
Solicitor General
OFFICE OF THE ALABAMA
ATTORNEY GENERAL
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130
Tel.: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@
  AlabamaAG.gov

*Admitted *Pro Hac Vice* under Local Rule 83.5(d)

*Counsel for Plaintiff State of Alabama*

ASHLEY MOODY
  Attorney General

/s/ *Natalie Christmas*
NATALIE CHRISTMAS*
Senior Counselor
OFFICE OF THE FLORIDA ATTORNEY
GENERAL
PL-01, The Capitol
Tallahassee, FL 32399
Tel.: (850) 414-3300
Natalie.christmas@myfloridalegal.com

*Admitted *Pro Hac Vice* under Local Rule 83.5(d)

*Counsel for Plaintiff State of Florida*

CHRISTOPHER CARR
  Attorney General

/s/ *Stephen Petrany*
STEPHEN PETRANY*
Solicitor General
OFFICE OF THE ATTORNEY GENERAL
OF GEORGIA
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334
Tel.: (404) 458-3408
spetrany@law.ga.gov

*Admitted *Pro Hac Vice* under Local Rule 83.5(d)

*Counsel for Plaintiff State of Georgia*

RAÚL R. LABRADOR
  Attorney General

/s/ *Joshua N. Turner*
JOSHUA N. TURNER*
Chief of Constitutional Litigation and Policy
ALAN M. HURST*
Solicitor General
OFFICE OF THE IDAHO ATTORNEY GENERAL
P.O. Box 83720
Boise, Idaho 83720
Tel: (208) 334-2400
josh.turner@ag.idaho.gov

*Admitted *Pro Hac Vice* under Local Rule 83.5(d)

*Counsel for Plaintiff State of Idaho*

THEODORE E. ROKITA
  Attorney General

/s/ *James A. Barta*
JAMES A. BARTA*
Solicitor General
OFFICE OF THE ATTORNEY GEN-
ERAL OF INDIANA
302 W. Washington St.
Indianapolis, Indiana 46204
Tel.: (317) 232-0709
James.Barta@atg.in.gov

*Admitted *Pro Hac Vice* under Lo-
cal Rule 83.5(d)

*Counsel for Plaintiff State of Indiana*

KRIS W. KOBACH
  Attorney General

/s/ *Erin Gaide*
ERIN GAIDE*
Assistant Attorney General
OFFICE OF THE KANSAS ATTORNEY
GENERAL
120 SW 10th Ave.
Topeka, KS 66612
Tel.: (785) 296-7109
erin.gaide@ag.ks.gov

*Admitted *Pro Hac Vice* under Lo-
cal Rule 83.5(d)

*Counsel for Plaintiff State of Kansas*

BRENNA BIRD
  Attorney General

/s/ *Eric H. Wessan*
ERIC H. WESSAN
Solicitor General
OFFICE OF THE IOWA ATTORNEY GEN-
ERAL
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel.: (515) 281-5164
Eric.Wessan@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

ANDREW BAILEY
  Attorney General

/s/ *Joshua M. Divine*
JOSHUA M. DIVINE*
Solicitor General
MISSOURI ATTORNEY GENERAL'S OF-
FICE
Post Office Box 899
Jefferson City, MO 65102
Tel.: (573) 751-1800
josh.divine@ago.mo.gov

*Admitted *Pro Hac Vice* under Local
Rule 83.5(d)

*Counsel for Plaintiff State of Missouri*

11

MICHAEL T. HILGERS
  Attorney General

/s/ *Lincoln J. Korell*
LINCOLN J. KORELL*
Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL
OF NEBRASKA
2115 State Capitol
Lincoln, Nebraska 68509
Tel.: (402) 471-2682
lincoln.korell@nebraska.gov

*Admitted *Pro Hac Vice* under Local Rule 83.5(d)

*Counsel for Plaintiff State of Nebraska*

DREW WRIGLEY
  Attorney General

/s/ *Philip Axt*
PHILIP AXT*
Solicitor General
OFFICE OF NORTH DAKOTA ATTORNEY
GENERAL
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Tel.: (701) 328-2210
pjaxt@nd.gov

*Admitted *Pro Hac Vice* under Local Rule 83.5(d)

*Counsel for Plaintiff State of North Dakota*

GENTNER DRUMMOND
  Attorney General

/s/ *Garry M. Gaskins, II*
GARRY M. GASKINS, II*
Solicitor General
OKLAHOMA OFFICE OF THE ATTOR-
NEY GENERAL
313 NE 21st Street,
Oklahoma City, OK 73105
Tel.: 405-312-2451
Garry.Gaskins@oag.ok.gov

*Admitted *Pro Hac Vice* under Lo-
cal Rule 83.5(d)

*Counsel for Plaintiff State of Okla-
homa*

ALAN WILSON
  Attorney General

/s/ *Joseph D. Spate*
JOSEPH D. SPATE*
Assistant Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
STATE OF SOUTH CAROLINA
1000 Assembly Street
Columbia, SC 29201
Tel.: (803) 734-3371
josephspate@scag.gov

*Admitted *Pro Hac Vice* under Local
Rule 83.5(d)

*Counsel for Plaintiff State of South Car-
olina*

| | |
|---|---|
| MARTY J. JACKLEY<br>  Attorney General | SEAN REYES<br>  Attorney General |
| /s/ *Grant M. Flynn*<br>GRANT M. FLYNN*<br>Assistant Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>STATE OF SOUTH DAKOTA<br>1302 E. Hwy. 14, Suite #1<br>Pierre, SD  57501<br>Tel.: (605) 773-3215<br>grant.flynn@state.sd.us | /s/ *Lance F. Sorenson*<br>LANCE F. SORENSON*<br>Assistant Utah Attorney General<br>UTAH ATTORNEY GENERAL<br>160 East 300 South, 6th floor<br>PO Box 140856<br>Salt Lake City, UT 84114-0856<br>Tel.: (801) 366-0100<br>lancesorenson@agutah.gov |
| *Admitted *Pro Hac Vice* under Local Rule 83.5(d) | *Admitted *Pro Hac Vice* under Local Rule 83.5(d) |
| *Counsel for Plaintiff State of South Dakota* | *Counsel for Plaintiff State of Utah* |

14

PATRICK MORRISEY
  Attorney General

/s/ *Curtis R. A. Capehart*
CURTIS R. A. CAPEHART*
Deputy Attorney General
OFFICE OF THE WEST VIRGINIA AT-
TORNEY GENERAL
Building 1, Room E-26
Charleston, WV 25305
Tel.: (304) 558-2021
curtis.r.a.capehart@wvago.gov

*Admitted *Pro Hac Vice* under Lo-
cal Rule 83.5(d)

*Counsel for Plaintiff State of West
Virginia*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 18th day of June 2024 on the following:

**Daniel S. Schwei**
United States Department of Justice
Civil Division, Federal Programs
Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 305-8693
Fax: (202) 616-8460
Daniel.S.Schwei@usdoj.gov

**Laura B. Bakst**
United States Department of Justice
Civil Division, Federal Programs
Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3183
Fax: (202) 616-8470
Laura.B.Bakst@usdoj.gov

**Alexandra Widas**
United States Department of Justice
Civil Division, Federal Programs
Branch
1100 L Street, NW
Tel: (202) 616-8472
Fax: (202) 616-8460
Email:  Alexandra.J.Widas@usdoj.gov

*Counsel for Defendants*

/s/ *Virginia N. Adamson*

16