IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 2:24-cv-84-DPM<br>) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Defendant. | )<br>) |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL OR TEMPORARY ADMINISTRATIVE STAY OF AGENCY ACTION

Defendant Equal Employment Opportunity Commission (EEOC) opposes Plaintiffs' motion for injunction pending appeal or temporary administrative stay of agency action, *see* Mot. (ECF No. 67). This Court properly denied Plaintiff States' motion for preliminary relief and dismissed this action, *see* PI Op. (ECF No. 63), and the Court should deny Plaintiffs' motion for injunction pending appeal for the same reasons.

Indeed, the Plaintiff States do not identify any specific error in this Court's prior opinion, and instead just relitigate the same points that were already thoroughly briefed, orally argued, and decided in connection with their preliminary-injunction motion. For all the same reasons this Court rejected

-1-

those arguments the first time, it should likewise reject Plaintiffs' second request for an immediate injunction.

## STANDARD OF REVIEW

As Plaintiffs acknowledge, their motion is governed by "[t]he same four-part injunction standard," Mot. at 2, as a request for a preliminary injunction, which is "an extraordinary and drastic remedy" that "is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain such relief, Plaintiffs "must show (1) the likelihood of success on the merits; (2) the likelihood of irreparable injury to appellants absent an injunction; (3) the absence of any substantial harm to other interested parties if an injunction is granted; and (4) the absence of any harm to the public interest if an injunction is granted." *Shrink Missouri Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party "bears the burden of proving all" four factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

## ARGUMENT

Plaintiffs' motion does not ask this Court to reconsider its prior determination that they lack standing to pursue their claims. *See* Fed. R. Civ. P. 59(e). Instead, Plaintiffs ask this Court to ignore its finding that they lack standing—a constitutional prerequisite to availing themselves of this forum, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)—and issue

"extraordinary" injunctive relief in their favor, *Munaf*, 553 U.S. at 689. Issuing injunctive relief after concluding that jurisdiction is lacking would be contrary to the rule that, once a court concludes jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Plaintiffs' motion does not cite any authority justifying an injunction pending appeal after a jurisdictional dismissal.

In any event, Plaintiffs' motion fails to demonstrate their entitlement to the extraordinary remedy of an injunction pending appeal even under ordinary standards. Plaintiffs' motion distorts the governing legal standard, does not identify any error in this Court's prior opinion, and fails to establish any immediate harm warranting an injunction pending appeal.

**1.** At the outset, Plaintiffs try to lower their burden and argue that they need not prove a likelihood of success on appeal, and instead need only identify "serious legal issues" or "difficult and close" questions. Mot. at 3. But the two leading cases they cite arise in the distinct context of granting stays *of district court proceedings* pending appellate proceedings, not the question of whether to stay (let alone grant) *injunctive relief* pending appeal. *See Stuart v. State Farm Fire & Cas. Co.*, No. 4:14-cv-4001, 2017 WL 5952872, at *2 (W.D. Ark. Jan. 25, 2017) ("Defendant requests a stay of all further proceedings in this case until the Eighth Circuit rules on its appeal of the Court's class

certification ruling."); *Perrin v. Papa Johns Int'l, Inc.*, No. 4:09-cv-1335, 2014 WL 306250, at *1 (E.D. Mo. Jan. 28, 2014) (same).

On the question whether to grant preliminary injunctive relief, moreover, the Supreme Court recently confirmed, once again, that "[u]nder the traditional standard" the movant must "make a clear showing that it 'is likely to succeed on the merits.'" *Starbucks Corp. v. McKinney*, No. 23-367, --- S. Ct. ----, 2024 WL 2964141, at *5 (U.S. June 13, 2024) (quoting *Winter*, 555 U.S. at 20). Granting injunctive relief under a lesser standard—such as "reasonable cause to believe" or "substantial and not frivolous"—would constitute a "watered-down approach to equity." *Id.* at *6. Thus, Plaintiffs cannot obtain their requested injunctive relief based only on "serious legal issues," rather than a clear showing of likelihood of success on the merits, which they do not even attempt to satisfy.

**2.** As for the substance of Plaintiffs' motion, it largely contains repackaged versions of the same arguments that this Court already rejected. For example, Plaintiffs claim standing "because the Final Rule directly regulates them as employers." Mot. at 3. But Plaintiffs still do not offer any reason to think that the factual circumstances necessary for their injury to arise are anything more than hypothetical. *See* PI Op. at 8-9 (listing numerous contingencies that would have to occur before the Plaintiff States would ever suffer an enforcement action arising from needing "to accommodate abortions

in the absence of any underlying mental or physical condition"). And courts generally reject post-judgment motions that "are nothing more than a reiteration of the objections and arguments already considered[.]" *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1036 (N.D. Iowa 2004).

Plaintiffs briefly assert that "no proof of standing is required at the dismissal stage," but many of the flaws in their standing theories are legal in nature. *See* PI Op. at 8-15. And in any event, this motion for an injunction pending appeal—and their prior motion for a preliminary injunction—*do* require proof. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("And what is at issue here is not even a defendant's motion for summary judgment, but a plaintiff's motion for preliminary injunctive relief, as to which the requirement for substantial proof is much higher."); *Watkins Inc.*, 346 F.3d at 844. This Court analyzed Plaintiffs' alleged economic harm in detail, *see* PI Op. at 13-15, concluding that the States have not "offered particulars about how the challenged slice [of the Final Rule] imposes additional compliance costs beyond those required by the unchallenged parts of the regulation, or even the Act itself," and that "these costs are not fairly traceable to any threat of enforcement." *Id.* at 14. Plaintiffs do not point to any evidence that the Court purportedly overlooked or any other errors in the Court's analysis. Nor do Plaintiffs offer any basis for disregarding their concessions that their injury "could be a few dollars in this case, but we don't know," and that "[t]here is no

evidence . . . in the record" about whether their claimed costs have already been incurred such that prospective relief would not redress them. PI Hr'g Tr. at 14; *see* PI Op. at 13-14.

The recent decision from the Western District of Louisiana does not cast doubt on the Court's conclusions in this case. *See* Mot. at 3 (citing *Louisiana v. EEOC*, --- F. Supp. 3d ----, Nos. 2:24-cv-629, 691, 2024 WL 3034006 (W.D. La. June 17, 2024)). Defendant respectfully disagrees with that decision, among other reasons because that Court accepted "compliance costs" as sufficient injury-in-fact regardless of the likelihood of "any employee or DOJ enforcement lawsuits under the PWFA," *id.* at *4. Compliance costs do not suffice for Article III injury if the factual circumstances purportedly requiring those costs are speculative. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("Respondents' contention that they have standing because they incurred certain costs as a reasonable reaction to a risk of harm is unavailing—because the harm respondents seek to avoid is not certainly impending."); PI Op. at 15. The *Louisiana* court also concluded that the States had established sovereign injuries based on their laws prohibiting "purely elective abortions," *Louisiana*, 2024 WL 3034006 at *5, without considering—as this Court did—whether those laws actually conflict with the Final Rule in any way. *See* PI Op. at 17-20. Again, the Plaintiff States here still do not point to any State law that actually conflicts with what the Final Rule requires. And notably, although

Plaintiffs here contend that *Louisiana* is "based on pleadings and arguments that mirror Plaintiff States' here," Mot. at 3, both sets of plaintiffs in the consolidated *Louisiana* action believed this Court's decision was factually distinguishable. *See Louisiana*, No. 2:24-cv-629, ECF No. 46 at 5 (W.D. La. filed June 14, 2024); *U.S. Conf. of Catholic Bishops*, No. 2:24-cv-691, ECF No. 52 at 5 (W.D. La. filed June 14, 2024).

Finally, aside from incorporating their preliminary-injunction briefing by reference, *see* Mot. at 5—to which Defendant has already fully responded—Plaintiffs' only other argument on likelihood of success is to highlight this Court's "tentative conclusion . . . that the States have the better argument on the text" of the PWFA. PI Op. at 26; *see* Mot. at 5. But that tentative conclusion was just that—tentative—and this Court already determined that such a tentative conclusion did not constitute "a compelling case" for injunctive relief. *Id.* at 28. The same should be true in the context of this motion. And Plaintiffs ignore that the Court acknowledged that EEOC also presented "[g]ood arguments" in favor of its interpretation, *id.*, and that multiple courts had ruled consistently with EEOC's position, *id.* at 26. Plaintiffs also fail to address other problems associated with their interpretation, such as the Court's determination that a finding in their favor would exclude coverage for a "healthy employee who asks to leave work to attend a routine pre-natal appointment"—an outcome that Plaintiffs themselves disclaim, PI Op. at 27. Plaintiffs therefore

have not established a likelihood of success on their claims.

3. Plaintiffs' two-sentence argument that they will suffer irreparable harm, *see* Mot. at 5-6, should likewise be rejected. In deciding whether to stay or grant an injunction pending appeal, "a showing of irreparable injury" without the requested relief is "required," *Brakebill v. Jaeger*, 905 F.3d 553, 557 (8th Cir. 2018), and that showing must entail "harm [that] is certain and great and of such imminence that there is a clear and present need for equitable relief," *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013). This Court already determined that Plaintiffs "haven't shown a likelihood of irreparable harm," particularly because their narrow challenge to the Final Rule "seems unlikely to flower into . . . real-world disputes." PI Op. at 28. Indeed, Plaintiffs' claims of irreparable harm are even weaker today than they were in their original motion for preliminary relief; the Final Rule took effect on June 18, 2024, prior to the filing of the instant motion, and yet Plaintiffs have not produced any new evidence or arguments demonstrating that their claimed irreparable harms have, in fact, materialized.

Furthermore, the timing of Plaintiffs' motion creates a more fundamental problem. An injunction pending appeal "asks the court to *maintain the status quo* until the court rules on the merits of the legal action to which the movant is a party." *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982) (emphasis added). Here, because the Rule took effect on June 18, Plaintiffs' requested

injunction would *alter* the status quo by enjoining the Final Rule in whole or in part.

That reversal of the status quo would significantly harm the public interest. *Contra* Mot. at 6. As EEOC explained previously, the Final Rule contains information that assists millions of employers and employees in ensuring compliance with the PWFA, and injunctive relief would confuse and delay private individuals' efforts to vindicate their rights under the statute. *See* Def. PI Opp. (ECF No. 34) at 48. That is all the more true now, when the Final Rule has actually taken effect and EEOC, workers, and employers are relying on its provisions. Similarly, enjoining the EEOC from "effectuating [a] statute" is "a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (cleaned up).

Putting aside that Plaintiffs should not get a second bite at the apple by relitigating the same claims but seeking narrower relief this time around, *see* Mot. at 6-7 (citing *Louisiana* as "model[ing] the potentially narrow scope of any injunction this Court could grant"), the above harms would still occur even if the Court were to order more limited relief. This Court has already correctly concluded that it "would be inequitable to grant" immediate injunctive relief "on this record," PI Op. at 20, and Plaintiffs do not offer anything justifying a departure from that conclusion. Nothing in the *Louisiana* case changes the record here, and as already noted, the United States disagrees with the relief

ordered by that court, including because such relief extends well beyond any conceivable injury to those plaintiff States as regulated parties.

**4.** Finally, Plaintiffs offer no support for their request for a "temporary administrative stay of agency action," or even reference that request outside the motion's caption, Mot. at 1. Administrative stays are used "to give the court sufficient opportunity to consider the merits of the motion for a stay pending appeal." *Brady v. Nat'l Football League*, 638 F.3d 1004, 1005 (8th Cir. 2011). But Plaintiffs here are not requesting a stay of this Court's order; they are requesting affirmative injunctive relief altering the status quo. They cite no practice or precedent justifying a "temporary administrative stay of agency action" in the form of an injunction pending appeal and granting one would be contrary to the four-factor test necessary for injunctive relief. Even if this request were cognizable, then, it would fail for all the reasons set forth above.

## CONCLUSION

Plaintiffs' motion for an injunction pending appeal, or temporary administrative stay of agency action, should be denied.

Dated: June 21, 2024        Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Principal Deputy Assistant Attorney General

                                       EMILY B. NESTLER

Assistant Branch Director

DANIEL SCHWEI
Special Counsel

*/s/ Laura B. Bakst*
LAURA B. BAKST (D.C. Bar #1782054)
ALEXANDRA WIDAS (D.C. Bar #1645372)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3183
Facsimile: (202) 616-8470
Email: laura.b.bakst@usdoj.gov

*Counsel for Defendant*