IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

STATES OF TENNESSEE, ARKANSAS,
ALABAMA, FLORIDA, GEORGIA, IDAHO,
INDIANA, IOWA, KANSAS, MISSOURI,
NEBRASKA, NORTH DAKOTA, OKLAHOMA,
SOUTH CAROLINA, SOUTH DAKOTA,
UTAH, and WEST VIRGINIA                                            PLAINTIFFS

v.                            No. 2:24-cv-84-DPM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                          DEFENDANT

ORDER

The States have appealed this Court's Judgment that they lacked standing and tentative conclusion that, if this Court had subject matter jurisdiction, the States would not be entitled to a preliminary injunction. They also seek an injunction (or interim stay) pending appeal, emphasizing their prior arguments and leaning on the Western District of Louisiana's recent decision in a similar case. The Commission has filed an expedited response, which the Court appreciates.

The Rule 62(d) question is answered by considering the same four factors that govern whether an injunction should issue. Fed. R. Civ. P. 62(d); Wright & Miller, *Federal Practice & Procedure: Civil* § 2904 at

p. 676-77 (3d ed. 2012); *see also Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982) (*per curiam*) (applying Fed. R. App. P. 8).

*Likelihood of Success?* Though the States again press their arguments vigorously, the Court doesn't believe they're likely to succeed in their appeal on standing. For the reasons explained in the Memorandum Opinion and Order, the States' claims of injury are speculative. There are, in addition, significant redressability and causation cracks in the case. The Western District of Louisiana did not grapple with these issues, which were central to this Court's standing analysis. That Court followed the Fifth Circuit's precedent on standing; this Court followed the Eighth Circuit's. The former is less exacting.

The Commission is right. This Court concluded it had no subject matter jurisdiction to issue an injunction. It remains of the same mind. The Court nonetheless gave some first thoughts on the merits. This Court still does not see a major question. Touching the edge of a particularly controversial issue does not suffice—or if it does, this doctrine has swallowed much of administrative law. Good arguments are present on both sides of the deep issue about the statute and the rule; but the States have not demonstrated that they are likely to prevail. It's unclear. How far this Court should defer to the Commission's interpretation of the new statute is also uncertain at present. As the States argue, a close merits question could support a stay during appeal in some circumstances. But the narrowness of the

dispute here, which has now come into clear focus, weighs against a nationwide (or States-wide) injunction. Any actual disagreements are best resolved, this Court concludes, in the usual percolation of cases rather than in a pre-enforcement challenge across the board.

*Irreparable Harm?* Extraordinary circumstances must support extraordinary relief. As the Court explained, the harm the States foresee appears unlikely. The new rule does not impede the States' enforcement of their abortion-limiting laws. They presented no evidence of some imminent flow of accommodation requests for elective abortions not involving some physical or mental condition. Plus, an unchallenged part of the new rule constrains how much documentation a State employer may seek from an employee who seeks leave to keep any medical appointment, which will further reduce any potential collisions between state and federal law.

*Balance of Equities/Public Interest?* Because the States don't have standing and haven't shown likely irreparable harm, the Court does not find that the balance of equities or the public interest favors issuing an injunction pending the appeal. *Morehouse Enterprises, LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 78 F.4th 1011, 1018 (8th Cir. 2023).

*

The States' motion for an injunction pending appeal, *Doc. 67*, is denied.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 June 2024